UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYRONE VALENTINE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:17CV02475 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Tyrone Valentine's *Pro Se* Motion to Vacate, Set Aside, or Correct Sentence [1], Amended Motion to Vacate Conviction and Correct Sentence under 28 U.S.C. § 2255 [13] and Second Amended Motion to Vacate Conviction and Correct Sentence under 28 U.S.C. § 2255 [22].

**I.   BACKGROUND**

On April 9, 2014, Petitioner Tyrone Valentine was indicted for being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). On January 7, 2015, Petitioner pled guilty to the charge in the indictment. He was sentenced on June 17, 2015, to 180-months imprisonment and three years of supervised release.

To determine Petitioner's sentence, the Court used the 2014 United States Sentencing Guidelines Manual. Petitioner's base offense level was calculated to be 22 under § 2K2.1(a)(1)(2), because Petitioner committed the offense after sustaining one prior felony conviction of a controlled substance offense and he used or possessed ammunition in connection with the commission or attempted commission of another offense. He received a four-level increase because the victim sustained life-threatening bodily injury. Petitioner received a Chapter

1

Four enhancement to offense level 34, because he was found to be an Armed Career Criminal. Three levels were subtracted for acceptance of responsibility. His total offense level was 31. Petitioner's criminal history category was III, but was increased to VI because he was found to be an Armed Career Criminal and used and possessed the ammunition in connection with a crime of violence. The guideline range was 188 to 235 months. He was sentenced to 180-months imprisonment and a three-year term of supervised release.

After the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2251 (2015), Petitioner filed the present *pro se* motion to correct his sentence asserting he is no longer an Armed Career Criminal in light of the Supreme Court's decision in *Johnson*. The Federal Public Defender's Office was appointed to represent Petitioner and the Assistant Public Defender filed an amended motion to vacate, and a second amended motion to vacate which the Court will now address.

## II. STANDARD

A federal prisoner who seeks relief under 28 U.S.C. § 2255 on grounds "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, the petitioner must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may be limited by procedural default. A petitioner "cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Claims, including those concerning constitutional and jurisdictional issues, unraised on direct appeal cannot subsequently be raised in a § 2255 motion unless the petitioner establishes "(1) cause for default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)). Exceptions to this rule are recognized only upon production of convincing new evidence of actual innocence, and are available only in the extraordinary case. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). However, ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion even if they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

If the petitioner's claims are not procedurally barred, the Court must hold an evidentiary hearing to consider the claims "when the facts alleged, if true, would entitle [the petitioner] to relief." 28 U.S.C. § 2255(b); see also *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994); *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (citation omitted). However, a court may dismiss a claim without a hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

## III. ANALYSIS

Petitioner raises five grounds for relief in his Second Amended Motion to Vacate ("Motion"). First, he asserts he is not an Armed Career Criminal, because the Missouri statute for Assault in the First Degree does not require the use of violent force in every instance listed in the statute. Second, Petitioner argues his 1984 Missouri Assault in the First Degree convictions are

invalid, because the Circuit Court of St. Louis entered them without a valid factual basis. Third, he contends his counsel was ineffective on direct appeal by failing to argue for relief under *Johnson*. Fourth, he asserts his counsel was ineffective prior to his change of plea hearing, because he failed to seek dismissal of the indictment, which did not include any allegations of an essential element of the offense. Finally, he argues his counsel was ineffective in failing to timely inform Petitioner of the government's plea offer and to describe the admissions the plea agreement included, making his guilty plea uninformed and involuntary in violation of the Constitution.

    A.    *Ground 1 – Challenge pursuant to Johnson*

The Armed Career Criminal Act ("ACCA") establishes a minimum term of imprisonment of fifteen years for individuals convicted of certain crimes who have sustained three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924. The ACCA defines "violent felony" as:

> . . . any crime punishable by imprisonment for a term exceeding one year, . . . that (i) has an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . .

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court determined the residual clause in the definition of "violent felony" in the ACCA was unconstitutionally vague. 135 S. Ct. 2551. The second half of (ii), "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is the "residual clause" which the Supreme Court found to be unconstitutional. Subsequently, in *United States v. Welch*, the Supreme Court ruled *Johnson* was a new substantive rule, retroactive on collateral review. 136 S. Ct. 1257 (2016).

4

Petitioner was found to be an Armed Career Criminal, because he has a prior felony conviction for Possession with Intent to Distribute Heroin, and two prior felony convictions for Assault in the First Degree in Missouri. The issue before the Court is whether his prior convictions for Assault in the First Degree qualify as "violent felonies." The Court will analyze whether Petitioner's convictions are predicate offenses under the first clause, the elements or use-of-force clause, only, because they clearly are not one of the enumerated offenses listed in (ii) of the ACCA.

The Court applies the categorical approach to determine if a conviction qualifies as a crime of violence when the statute underlying the conviction is indivisible. *United States v. Bell*, 840 F.3d 963, 964 (8th Cir. 2016) (citing *United States v. Gordon*, 557 F.3d 623, 625 (8th Cir. 2009)). The categorical approach focuses on the generic elements of the offense, not on the specific underlying facts of the conviction. *Id*. Under the categorical approach, a court "must consider the lowest level of conduct that may support a conviction under the statute." *Id*. at 5. When a statute is divisible, or has multiple alternative elements, some of which qualify as violent felonies and some of which do not, the Court applies the modified categorical approach, which allows a sentencing court to look at a limited class of documents, the indictment, jury instructions, or plea agreement and colloquy, to determine what crime, with what elements, of which a defendant was convicted. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

The statute at issue here, Missouri Revised Statute § 565.050 (1978), is clearly divisible and so the modified categorical approach must be applied. The statute permits three different ways a person can commit the crime of Assault in the First Degree:

 1. A person commits the crime of assault in the first degree if:
 (1) He knowingly causes serious physical injury to another person; or
 (2) He attempts to kill or to cause serious physical injury to another person; or

5

(3) Under circumstances manifesting extreme indifference to the value of human life he recklessly engages in conduct which creates a grave risk of death to another person and thereby causes serious physical injury to another person.
2. Assault in the first degree is a class B felony unless committed by means of a deadly weapon or dangerous instrument in which case it is a class A felony.

Mo. Rev. Stat. § 565.050 (1978).[1] Petitioner was convicted under § 565.050(2), because his indictment states he "committed the class A felony of assault in the first degree . . . in that the defendant attempted to kill or to cause serious physical injury . . . ."

To show the statute cannot qualify as a predicate offense, Petitioner asserts the statute can be satisfied by attempting to cause serious physical injury through non-violent conduct. He cites to other circuits who have decided causing serious physical injury does not necessarily require the use of force. *See United States v. Garcia*, 470 F.3d 1143, 1147 (5th Cir. 2006); *United States v. Torres-Miguel*, 701 F.3d 165, 168-69 (4th Cir. 2012) *abrogated on other grounds by United States v. Middleton*, 883 F.3d 485, 491 (4th Cir. 2018). However, the Eighth Circuit has rejected this theory. It has concluded it is not possible to inflict serious physical injury without the use of force. *See United States v. Winston*, 845 F.3d 876, 878 (8th Cir. 2017); *United States v. Thomas*, 838 F.3d 926, 930 (8th Cir. 2016). "Hypothetical scenarios involving no physical conduct by the perpetrator (luring a victim to drink poison or infecting a victim with a disease) do not avoid coverage under [the ACCA]." *Winston*, 845 F.3d at 878. Therefore, although § 565.050(2) does not explicitly require the use of force, because it requires a person to attempt to kill or cause serious physical injury to another person, the statute qualifies as a "violent felony" for the attempted use of force against another. Petitioner's prior convictions for Assault in the First

---

[1] This statute was amended in 1983 but did not take effect until after Petitioner's indictment in 1984.

Degree qualify as predicate offenses under the ACCA and Petitioner remains an Armed Career Criminal. His petition on this ground will be denied.

B. *Ground Two – Invalid Convictions*

In his second ground for *habeas* relief, Petitioner asserts his Assault in the First Degree convictions are invalid because the Circuit Court of St. Louis entered them without a valid factual basis. He states he is pursuing *habeas corpus* relief in state court on this issue and would like a stay in this Court until the state case is resolved. According to Petitioner, the factual basis for Count I of his conviction in 1984 does not support a conviction for a Class A felony of First Degree Assault, because no one suffered serious physical injury.

Petitioner cannot, in federal court, collaterally attack his state court convictions used for federal sentencing purposes. *Custis v. United States*, 511 U.S. 485, 490-91 (1994). Further, the appropriate time to challenge his federal conviction, based on the vacateur of his state convictions, is after the order vacating the state court convictions has been filed. *United States v. Morrison*, Nos. 1:12-cr-17-4, 1:14-CV-111, 2015 WL 540786 at *2 (D. N.D. Feb. 10, 2015) (citing *Johnson v. United States*, 544 U.S. 295, 298 (2005)). Petitioner's convictions were used for sentencing purposes and have not been determined to be invalid by a state court. Therefore, the Court will not grant relief on this ground.

The Court previously granted Petitioner a 60-day stay to pursue his state post-conviction remedies. The Circuit Court of St. Louis denied Petitioner's motion. This Court will not issue a further stay while Petitioner appeals that decision.

C. *Ground Three – Ineffective Assistance of Counsel*

In his third ground for relief, Petitioner argues his counsel on direct appeal was ineffective for failing to argue his Assault in the First Degree convictions were not violent felonies under the ACCA.

To establish ineffective assistance of counsel, Petitioner must show his attorney's performance was deficient and outside the range of reasonable professional assistance and he suffered prejudice, meaning there is a reasonable probability the result of the proceeding would have been different. *Hyles v. United States*, 754 F.3d 530, 533 (8th Cir. 2014). Petitioner cannot establish his counsel was ineffective. The Court has rejected Petitioner's claims his prior convictions were not violent felonies under the ACCA. Therefore, his counsel is not ineffective for failing to raise a meritless argument. *Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994); *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) ("Counsel's failure to advance a meritless argument cannot constitute ineffective assistance."). The motion will be denied on this ground.

    D.    *Ground Four – Ineffective Assistance of Counsel*

In his fourth ground for relief, Petitioner asserts his counsel was ineffective for failing to seek dismissal of his indictment, which, he alleges, did not include an essential element of the crime. According to Petitioner, his indictment did not allege specific intent; it alleged he knowingly possessed ammunition, but not he intentionally engaged in the conduct of possessing ammunition.

Petitioner's indictment stated:

> On or about January 8, 2013, in the City of St. Louis, within the Eastern District of Missouri, TYRONE VALENTINE, the defendant herein, having been convicted previously of a felony crime punishable by a term of imprisonment exceeding one year under the laws of the State of Missouri and of the United States of America, did knowingly possess various rounds of 9 mm ammunition,

all of which had traveled in interstate or foreign commerce during or prior to being in defendant's possession In violation of Title 18, United States Code, Section 922(g)(1).

This language includes all of the elements of the offense charged. The Eighth Circuit has stated:

> To convict a defendant of being a felon in possession of ammunition, the government must prove beyond a reasonable doubt that (1) the defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, (2) the defendant knowingly possessed ammunition, and (3) the ammunition had traveled in or affected interstate commerce.

*United States v. Cook*, 603 F.3d 434, 437 (8th Cir. 2010). Petitioner's counsel is not ineffective for failing to seek dismissal of his indictment, because his indictment included all of the essential elements of the offense and there was no basis for its dismissal. This claim will be denied.

    E.    *Ground Five – Ineffective Assistance of Counsel*

In his fifth, and final, ground for relief, Petitioner argues his counsel was ineffective for failing to timely inform him of the Government's plea offer and to describe the admissions the plea agreement included, causing the waiver of his Fifth and Sixth Amendment rights to be uninformed and involuntary. According to Petitioner, his counsel "surprised" him at the Courthouse with the plea agreement on January 7, 2015, the date of his change of plea hearing, four days after his son had been murdered. Petitioner states his counsel only visited him once before at the Ste. Genevieve County Jail on October 14, 2014, when Petitioner stated he desired to go to trial. Finally, Petitioner asserts his counsel did not explain the specific admissions the plea bargain required, specifically that he was present at the shooting of his cousin who sustained permanent or life threatening injuries, and that he possessed ammunition in relation to a crime of violence.

In his initial petition, Petitioner included an affidavit attesting to the facts his attorney did not present the plea agreement until the morning of the change of plea and he was not in the

"right frame of mind" because his son had been killed four days prior. He also included that his attorney failed to inform him of several facts important to the conviction and failed to review the charges with him.

Based on these allegations included in his Petition and his affidavit, the Court finds Petitioner is entitled to an evidentiary hearing on this ground. "A prisoner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985). When a defendant is represented by counsel during the plea process, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Ingrassia v. Armontrout*, 902 F.2d 1368, 1370 (8th Cir. 1990). The record does not conclusively show Petitioner is not entitled to relief and the Court cannot determine if his counsel's advice to plead guilty was within the range of competence demanded of attorneys without an evidentiary hearing. Petitioner's claims indicate his counsel may have been ineffective for his representation prior to the date of the change of plea.

"Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Petitioner pled guilty and as part of the change of plea he agreed, under oath, he understood the plea agreement and had spoken to his counsel about the agreement. This is a large hurdle to overcome. However, his allegations are supported by specific facts, making an evidentiary hearing necessary. The Court will hold an evidentiary hearing on November 19, 2018, at 9:00 a.m.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Tyrone Valentine's *Pro Se* Motion to Vacate, Set Aside, or Correct Sentence [1] is **DENIED**, as to Grounds One, Two, Three, and Four.

**IT IS FURTHER ORDERED** that Petitioner Tyrone Valentine's Amended Motion to Vacate Conviction and Correct Sentence under 28 U.S.C. § 2255 [13] is **DENIED**, as to Grounds One, Two, Three, and Four.

**IT IS FURTHER ORDERED** that Petitioner Tyrone Valentine's Second Amended Motion to Vacate Conviction and Correct Sentence under 28 U.S.C. § 2255 [22] is **DENIED**, as to Grounds One, Two, Three, and Four.

**IT IS FURTHER ORDERED** that an evidentiary hearing will be held on November 19, 2018, at 9:00 a.m. as to Ground Five of Petitioner's Petitions.

So Ordered this 7th day of September, 2018.

                                                */s/ E. Richard Webber*

                                                **E. RICHARD WEBBER**
                                                **SENIOR UNITED STATES DISTRICT JUDGE**